**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **DELORES HUDSON** § | |
| **Plaintiff** § | |
| § | |
| **V.** § | **CIVIL ACTION NO: 5:18-cv-818** |
| § | |
| **WAL-MART STORES TEXAS, LLC** § | |
| **Defendant** § | |

**DEFENDANT, WAL-MART STORES TEXAS, LLC'S, NOTICE OF REMOVAL
OF ACTION UNDER 28 U.S.C. § 1446(a) DIVERSITY**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendant, WAL-MART STORES TEXAS, LLC,

HEREBY REMOVES TO THIS Court the state court action described below:

1. On January 1, 2018, an action was commenced in the 150th Judicial District Court at Law of the State of Texas in and for Bexar County, Texas, entitled DELORES HUDSON vs. WAL-MART STORES TEXAS, LLC with Cause No. 2018CI00583 ("Wal-Mart"). A copy of Plaintiff's Original Petition is attached hereto as Exhibit "A".

2. Defendant, Wal-Mart, was served with suit on May 7, 2018.

3. Defendant, Wal-Mart, filed an Original Answer on May 16, 2018, a copy of which is attached hereto as Exhibit "B".

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1332 (a) in that it is a civil action between citizens of states other than Texas and citizens or subjects of a foreign state, and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Plaintiff's claims are based on alleged injuries suffered by DELORES HUDSON, while on Defendant's premises. Based on the initial Petition, Plaintiff pled for damages less than $75,000.00; however, based on discovery that was received on August 3, 2018, Plaintiff is alleging future damages in excess of $75,000.00 and is alleging she will need surgery. Please see the attached responsive documents alleged attached hereto as Exhibit G.

5. Defendant is informed and believes that Plaintiff is a resident of the State of Texas based on statements contained in Plaintiff's Original Petition. The incident made

the basis of this lawsuit occurred in Bexar County, Texas. Defendant was at the time of the filing of this action, and still is, a citizen of Arkansas, being incorporated under the laws of the State of Arkansas and having its principal place of business in the State of Arkansas. Defendant is a citizen of Arkansas because it is a limited liability company organized under the laws of Arkansas and because none of its members are residents of the state of Texas. For purposes of determining diversity of citizenship, a limited liability company is deemed a citizen of the states where its members are citizens. *See Basurto* v. *Mervyn's, LLC,* 2007 WL 390711 at * 1 (N.D. Tex.2007).

6. Removal is proper because there is complete diversity between the parties under 28 U.S.C. § 1332(a). Defendant is a limited liability company and therefore its citizenship is determined by the citizenship of its members. *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Stores, Inc., a corporation incorporated under the laws of the State of Arkansas, with its principal place of business in Arkansas. 28 U.S.C. § 1332(a, c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (corporation's principal place of business is the place from which the corporation is controlled). Wal-Mart Stores, Inc. is therefore a citizen of Arkansas and of no other state. Because Defendant Wal-Mart Stores Texas, LLC takes the citizenship of its sole member, Wal-Mart Stores Texas, LLC is therefore also a citizen of Arkansas and of no other state.

7. Defendant is removing this case within the 30-day period stipulated by the rules based on notice of the amount in controversy being greater than $75,000.00. On August 3, 2018, Plaintiff served her Answers to discovery and submitted medical records and bills. The August 3rd discovery responses indicate that the past and future medical damages are in excess of $75,000.00. Please see the attached responsive documents as Exhibit G.

8. Defendant is removing this case within the 30-day period stipulated by the rules based on notice of the amount in controversy being greater than $75,000.00.

9. All pleadings, process, orders, and all other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a).

10. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

11. Defendant will promptly file a copy of this notice of removal with the clerk of the state court in which the action is pending.

12. In accordance with 28 U.S.C. §1441(a), this matter is being removed to U.S. District Court for the Western District of Texas, San Antonio Division because this court is the court for the district and division embracing the place where such action is pending, i.e., Bexar County, Texas.

Respectfully submitted,

**PAUL GARCIA & ASSOCIATES**
1901 N.W. Military Hwy., Ste. 218
San Antonio, Texas 78213
T: (210) 340-1818
F: (210) 340-4073
E:  service@pgtxlaw.com

*/s/ Paul Garcia*
PAUL GARCIA
State Bar No. 00798199
MARTINA MERITZ
State Bar No. 24037098
KRISHNA REDDY
State Bar No. 24065954
**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the Federal Rules of Civil Procedure, this 9th day of August on the following counsel of record, properly addressed as follows:

*Served via: message generated by the CM/ECF system & Email*
Abel Trevino
State Bar No.  24081181
Courtney R. Robinson
State Bar No.  24048906
DASPIT LAW FIRM
440 Louisiana Street, Suite 1400
Houston, Texas 77002
T: 713.588.0383
F: 713.587.9086
E: e-service@daspitlaw.com
   abel@daspitlaw.com

*Paul Garcia*
PAUL GARCIA